IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA,<br><br>Plaintiff,<br><br>v.<br><br>CENTRE LANE PARTNERS, LLC, *et al*,<br><br>Defendants. | Civil Action No. 24-1501<br>Hon. J. Nicholas Ranjan |

## DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Civil Rule 5.2(H), Defendants Centre Lane Partners, LLC; Centre Lane Partners V, LP; Centre Lane Partners V-A, LLC; Anchor Hocking Holdings, Inc.; Everyware II, LLC; Universal Tabletop, Inc.; Corelle Brands Acquisition Holdings LLC; Corelle Brands Holdings Inc.; and Corelle Brands, LLC (collectively, the "Defendants") respectfully request leave of Court to file under seal portions of Defendants' forthcoming Answer to Plaintiff's First Amended Complaint. Defendants also request leave to file the sealed version first by the deadline of Monday, July 21, 2025, and to file the redacted version on the public docket within 24 hours after that. In support, Defendants state as follows:

1. On May 14, 2025, Plaintiff filed under seal its First Amended Complaint ("FAC"). ECF 87. On May 17, 2025, Plaintiff filed a public version of its FAC with redactions. ECF 88.

2. On May 30, 2025, Defendants filed a consent motion for an extension of time to respond to the FAC. ECF 94. The Court granted that motion and set July 21, 2025, as Defendants' deadline to answer or otherwise respond to the FAC. ECF 95.

3. Defendants intend to file an Answer to the FAC by the response deadline. Portions of the Answer will reference certain information in the FAC that remains under seal pursuant to

1

prior Order of the Court.  *See* ECF 86.  This includes confidential and competitively sensitive business information.

4.     Filing this information under seal is appropriate, and a means other than sealing is unsatisfactory, because it is "the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (citation omitted).

5.     "Confidential business information is a kind of information that courts have been willing to protect through seal." *Peters v. Univ. of Pittsburgh*, 2019 WL 109402, at *3 (W.D. Pa. Jan. 4, 2019); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993); *Rep. of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663 (3d Cir. 1991); *Sabinsa Corp. v. Herbakraft, Inc.*, 2017 WL 3331773, at *2 (D.N.J. Aug. 4, 2017).

6.     Courts also permissibly seal judicial records that contain "sources of business information that might harm a litigant's competitive standing." *In re Avandia*, 924 F.3d at 679; *see also Invention Submission Corp. v. Taylor Mack Enters., Inc.*, 2021 WL 914209, at *3 (W.D. Pa. Mar. 10, 2021) (sealing documents containing "confidential and proprietary business information").

7.     Additionally, the Protective Order entered by the Court places responsibility on counsel for each party to maintain materials containing information designated as confidential or highly confidential pursuant to the Protective Order in a manner to allow access only to such persons and under such terms as is permitted under that order.  *See* ECF 75 ¶ 20.

8.     Public interest considerations do not outweigh the potential injury from disclosure. And Defendants will file redacted versions on the public docket.

WHEREFORE, Defendants respectfully request leave of Court to file under seal portions of Defendants' forthcoming Answer. Defendants will serve the sealed versions on counsel for Plaintiff after completing the filing and will file a redacted copy of the Answer on the public docket.

<table>
<tr><td>Dated:  July 18, 2025</td><td>Respectfully submitted,<br><br>*/s/ Aaron M. Healey*<br>John M. Majoras (D.C. No. 474267)<br>**JONES DAY**<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001<br>Ph: (202) 879-3939<br>Fx: (202) 626-8585<br>jmmajoras@jonesday.com<br><br>Aaron M. Healey (Pa. No. 310803)<br>**JONES DAY**<br>250 Vesey Street<br>New York, NY 10281<br>Ph: (212) 326-3939<br>Fx: (212) 755-7306<br>ahealey@jonesday.com<br><br>Margaret C. Gleason (Pa. Bar No. 201742)<br>**JONES DAY**<br>500 Grant Street, Suite 4500<br>Pittsburgh, PA 15219<br>Ph: (412) 391-3939<br>Fx: (412) 394-7959<br>mcgleason@jonesday.com<br><br>*Counsel for Defendants*</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of July, 2025, a true and correct copy of Defendants' Motion for Leave to File Under Seal was filed and served on counsel of record via the United States District Court for the Western District of Pennsylvania's CM/ECF system.

*/s/ Aaron M. Healey*
*Counsel for Defendants*